FILED
NOV 14 2002
DAVID W. DANIEL, CLERK
U.S. DISTRICT COURT
E. DIST. NO. CAR.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Civil Action File Number: 7:02CV189-F(1)

| | |
|---|---|
| SHARI W. WELLS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WAFFLE HOUSE, INC. )<br>Defendant. ) | **COMPLAINT** |

The plaintiff, complaining of the defendant, does hereby allege and says as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000(e), *et seq.*) and the Equal Pay Act of 1963, (29 U.S.C. §206(d)). The jurisdiction of this court is invoked to secure the protection of and redress the deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and damages for illegal discrimination in employment.

2. The plaintiff has filed a timely EEOC charge, and received her right-to-sue letter on or about August 16, 2002. This Complaint is filed within 90 days of plaintiff's receipt of the right-to-sue letter, and is timely and proper under Title VII.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by 42 U.S.C. § 1331 and § 1343 and 29 U.S.C. § 216 (b), as being an action rising under the statutes and laws of the United States.

## PARTIES

4. Plaintiff is an adult female individual and a citizen and resident of Robeson County, North Carolina, and was at all times herein set forth an employee of the defendant, within the meaning of Title VII.

5. Defendant Waffle House, Inc. (hereinafter "Waffle House") is upon information and belief, a Georgia corporation, organized and existing under the laws of the state of Georgia and is registered in North Carolina as a foreign corporation authorized to do business in North Carolina, and participates in and is engaged in business in North Carolina. At all times herein set forth, the defendant Waffle House was an employer within the definition of Title VII, engaged in interstate commerce within the meaning of said act, and had fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current and preceding calendar year.

6. Upon information and belief, defendant is:

    (a) An employer as defined by 29 U.S.C. § 203

    (b) An "Enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 203(s)

## PREDICATED FACTS

7. Paragraphs 1-6 are realleged and incorporated herein by reference.

8. Upon information and belief, on or about June of 1990 plaintiff was initially hired by the defendant to work as a waitress on a part time basis. The plaintiff was subsequently permitted to operate a Waffle House restaurant in Cumberland County for approximately 8 months. Plaintiff was subsequently placed in the manager-training program in Atlanta, Georgia.

9. Upon information and belief, on or about March 1994 plaintiff left the employment of Waffle House when her husband obtained employment away from the area.

10. On or about 1995, plaintiff was re-employed by Waffle House. Plaintiff again attended the management-training program in Atlanta, Georgia. Plaintiff obtained her management training at the Waffle House University with other trainees, including male trainees. After training, plaintiff was placed as a unit manager in the defendant's Lumberton, North Carolina unit 918. Approximately thee months after plaintiff was placed in unit 918, Lee Kent became plaintiff's district manager and direct supervisor.

11. While plaintiff was a unit manager in the defendant's Lumberton, North Carolina unit 918, other male employees were promoted from unit manager to district manager. Plaintiff had more experience with Waffle House than did some of these male employees, but was not promoted to district manager. Plaintiff was not promoted because she was a female.

12. On or about 1996, plaintiff transferred to defendant's Fayetteville, North Carolina unit 728 located in Cumberland County. Ray Jones was plaintiff's district manager and direct supervisor. Mr. Jones spoke to plaintiff about the district manager position and explained that the plaintiff would have to work twice as hard to get a district management position because Waffle House had a problem about blacks or females in upper management positions. Jones was acting

3

within the course and scope of his employment and as plaintiff's direct supervisor when he made this statement.

13. Plaintiff explained to her superiors that she wanted and was working towards a position as a district manager. During that time, numerous male unit managers with less experience and seniority with Waffle House than the plaintiff were promoted to positions of district manager. For example, a male unit manager, Chip Upchurch, was promoted and given the position as plaintiff's district manager. Upon information and belief, Mr. Upchurch had only been with Waffle House long enough to receive management training and run a unit for 6 months as unit manager. Plaintiff asked the defendant's division manager, Kenneth White, why she had been passed over for a promotion, and he explained that he did not believe that she was ready for a district manager position. Plaintiff was more qualified than Mr. Upchurch, and was not promoted because she was a female.

14. In or about 1996, upon information and belief, the male district manager, Jay Atkins, and Lee Kent were both promoted to division managers. Plaintiff, being a female unit manager, had not received a promotion to district manager and had been continuously passed over for a promotion by the defendant's upper management and those promotions were given to male unit managers with less experience and seniority with Waffle House.

15. Plaintiff explained to her division manager, Rich Michaels, on numerous occasions, that she wanted a promotion to district manager.

16. In or about 1998, a district manager position became open with Waffle House and the plaintiff had a conversation with her division manager, Rich Michaels, about a possible promotion.

4

Mr. Michaels implied to the plaintiff that she would not be able to take care of her baby and be a district manager.

17. Plaintiff contacted Kenneth White, a division manager in Atlanta for Waffle House, to provide assistance in getting a promotion to district manager. A few days later, the plaintiff was promoted to district manager.

18. Plaintiff, as district manager for the defendant, was initially responsible for the defendant's units number 1133 and 728 in Cumberland County, North Carolina. In 1999, the defendant's unit number 1305 was opened in Cumberland County and added to the plaintiff's district.

19. On or about fall of 1999, the defendant's area vice president, Tony Campbell, contacted the plaintiff about her promotional status to division manager. Mr. Campbell explained that his only concern was because of her status as a female with a family, it would be a difficult time for the plaintiff because of the time involved in being a division manager. The plaintiff explained her readiness and willingness to perform as a division manager.

20. Plaintiff, as district manager, performed her duties in a professional and responsible manner, and in all respects was a satisfactory employee for the defendant.

21. Plaintiff, as district manager, performed the same duties and responsibilities as well as the male district managers of the defendant who had equal duties and responsibilities in the area.

22. During the early months of 2001, unit 1305 was removed from plaintiff's territory, and she only managed units numbers 728 and 1133. Plaintiff performed her duties and

5

responsibilities as district manager of the defendant's units number 1133 and 728 in a professional and responsible manner, and in all respects was a satisfactory district manager for the defendant.

23.     On January 31, 2002, the division manager, Rich Michaels, at a manager meeting, explained to the plaintiff and other managers that if the sales numbers did not get better over the next five months, unit managers and district managers would start getting demoted.

24.     On February 7, 2002, plaintiff was demoted by the defendant's area vice president, Tony Campbell, and the division manager, Rich Michaels. Plaintiff was demoted from district manager to the unit manager of unit 1305 in Cumberland County. It was explained to plaintiff that her demotion was due to poor performance.

25.     Plaintiff was demoted to unit manager even though she was making evident improvement at both of her units. At the time of her demotion, plaintiff was meeting the company goals. Plaintiff was demoted even though there were other male district managers who had the same duties and responsibilities as the plaintiff but were not performing as well as the plaintiff.

26.     The defendant's conduct constitutes disparate treatment based on plaintiff's gender.

27.     After plaintiff was demoted to unit manager, the defendant's area human resource employee explained to plaintiff that he was told by the area vice president, Tony Campbell, to hire white men for management.

28.     Upon information and belief, the unit manager, who's position plaintiff was demoted was male and received a larger amount of pay in the unit manager position than the plaintiff, even though they performed the same duties and responsibilities for the defendant.

6

29. Since the plaintiff has been employed with the defendant, plaintiff has continually been denied promotions in Waffle House solely because of her gender, despite the fact that she was qualified for such promotions and could reasonably expect to be promoted. Plaintiff has also received less pay than her male counterparts. The conduct of defendant evidences a pattern and practice of discrimination against females, including the plaintiff

### FIRST CLAIM FOR RELIEF
(Title VII – Gender Discrimination)

30. Paragraphs 1-29 are realleged and incorporated by reference as if fully restated herein.

31. At the time of plaintiff's demotion, she was a member of a protected class, as defined by Title VII, was performing her duties and responsibilities in a satisfactory manner and was denied promotions by the defendant and demoted by the defendant on the basis of her gender.

32. Plaintiff was denied promotions despite having sufficient qualifications to perform the duties of the new positions.

33. As a direct result of plaintiff's demotion, she has lost a significant amount of wages and benefits, as well as other compensatory damages, including but not limited to humiliation and emotional distress.

34. The discriminatory acts of the defendant were done willfully, maliciously, wantonly and with reckless disregard for the rights of the plaintiff.

35. That a direct and proximate result of the defendant's discrimination, plaintiff has been damaged in the amount in excess of $50,000.00. Plaintiff is further entitled to recover, from

7

the defendant, attorney's fees and costs, and is also entitled to recovery of punitive damages for defendant's willful discriminatory practices.

## SECOND CLAIM FOR RELIEF
(Equal Pay Act)

36. Paragraphs 1-35 are realleged and incorporated by reference as if fully restated herein.

37. The defendant's failure to pay the plaintiff at the same rate paid to the male unit manager for equal work was an intentional and willful violation of the plaintiff's rights secured by 29 U.S.C. § 206(d).

38. As a direct and proximate result of the defendant's intentional conduct, the plaintiff has suffered damages consisting of loss of salary and other benefits and compensation. Plaintiff is also entitled to punitive damages for defendant's willful conduct.

WHEREFORE, the plaintiff prays the Court:

1. That the plaintiff have and recover of the defendant a sum in excess of the amount of $50,000.00 in compensatory damages for defendant's violations of Title VII and the Equal Pay Act, to include back pay, front pay, and all other compensable damages;

2. That the plaintiff have and recover of the defendant a sum in excess of the amount of $50,000.00 as punitive damages;

3. That the Court declare that the defendant has intentionally and willfully violated 29 U.S.C. § 206(d);

4. For interest at the legal rate;

5. That the costs of this action, including attorney's fees, be taxed to the defendant;

8

6. For a trial by jury on all issues so triable; and

7. For such other and further relief as to the court seems just and proper.

This the ___ day of November, 2002.

_____
Shari W. Wells
Appearing *Pro Se*
Post Office Box 677
Parkton, North Carolina 28371
(910) 858-0840

9